11-110-cv
Harty v. Simon Prop. Grp., L.P.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand eleven.

PRESENT: ROGER J. MINER,
           REENA RAGGI,
           GERARD E. LYNCH,
                *Circuit Judges*.

-----------------------------------------------------------------------
OWEN HARTY,

                     *Plaintiff-Appellant*,

      v.                                            No. 11-110-cv

SIMON PROPERTY GROUP, L.P., a Foreign Limited Partnership,

                     *Defendant-Appellee*.
-----------------------------------------------------------------------

FOR APPELLANT:      THOMAS B. BACON, Thomas B. Bacon, P.A., Cooper City, Florida.

FOR APPELLEE:       ROBERT W. THIELHELM, JR. (Brian C. Blair and Sylvia Jeanine Conley, *on the brief*), Baker & Hostetler LLP, Orlando, Florida & New York, New York.

1

Appeal from the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 7, 2010, is VACATED and the case is REMANDED for further proceedings.

Plaintiff Owen Harty, a wheelchair-bound paraplegic, sued defendant Simon Property Group, L.P. ("Simon"), the owner of the Nanuet Mall, for injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, claiming discrimination on the basis of his disability due to lack of accessibility. He appeals dismissal of his claim for lack of standing, see Fed. R. Civ. P. 12(b)(1), and further argues that the district court erred in concluding that he failed to state a claim, see Fed. R. Civ. P. 12(b)(6), and in denying his motion for leave to amend the complaint. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

1.    Standing

"We review de novo a district court's dismissal of a complaint for lack of standing." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009); see Fed. R. Civ. P. 12(b)(1). For the purposes of such review, we "accept[ ] as true all material allegations in the complaint and constru[e] the complaint in favor of the complaining party." Fuentes v. Bd. of Educ., 540 F.3d 145, 148 (2d Cir. 2008).

To establish standing, a plaintiff must demonstrate: (1) an "injury in fact" that is

2

"concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) redressability of the injury by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). Moreover, a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004). Therefore, to establish standing in an ADA suit seeking injunctive relief based upon lack of access to a public accommodation, we have held that a plaintiff must (1) "allege[ ] past injury under the ADA"; (2) show that "it is reasonable to infer from [his or] her complaint that this discriminatory treatment will continue"; and (3) show that "it is also reasonable to infer, based on the past frequency of [his or] her visits and the proximity of [the public accommodation] to [his or] her home, that [he or she] intends to return to [the public accommodation] in the future." Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008).

Harty's allegations are sufficient, for pleading purposes, to establish ADA standing based upon a plausible intention to return to the Nanuet Mall. The amended complaint alleges that Harty plans to return both as a patron "to avail himself of the goods and services offered to the public at the property" and as a tester "to determine whether the property has been made ADA compliant." Am. Compl. ¶ 5. Further, in a September 2, 2010 affidavit submitted in opposition to Simon's motion to dismiss (and considered by the district court

3

for purposes of its standing analysis), Harty states that he "teach[es] courses in weapons handling and safety" for which he "travel[s] nationwide and visit[s] gun shows throughout the country," and that, as a former resident of New York, he "return[s] to the area quite often to visit family who still reside there." Aff. of Owen Harty ¶¶ 2-3, Harty v. Simon Prop. Grp., L.P., No. 10 CV 3408 (S.D.N.Y. Sept. 2, 2010). Harty attached a list of upcoming New York-area gun shows to his affidavit, and further averred:

> I will be attending these gun shows and will be traveling through, and shopping at, various shopping centers. I will also be visiting my friends and family again in New York. I would like to shop at Nanuet Mall again when I attend the gun shows there, or when I am visiting family.

Id. ¶ 7. These allegations and sworn statements are sufficient to support a plausible inference at the pleading stage that Harty will likely return to the Nanuet Mall. See Camarillo v. Carrols Corp., 518 F.3d at 158.

Our unpublished decision in Freydel v. New York Hospital, 242 F.3d 365 (unpublished table decision), 2000 WL 1836755 (2d Cir. 2000), upon which the district court relied, is not to the contrary. Freydel sued New York Hospital for failing to provide Russian sign-language interpretation services during her in-patient treatment following a heart attack. See id. at *1-2. Freydel argued that she had standing to seek injunctive relief based upon likely future injury, because her chronic medical conditions could require future care and it was possible that she could be referred again to New York Hospital, a tertiary care center in the same medical network as her local hospital. See id. at *5. We rejected this attenuated line of reasoning, concluding that while "plaintiff 'may' be referred to [New York Hospital]

4

in the future, such an indefinite speculation is insufficient to maintain standing to seek injunctive relief." Id. at *6. That is not this case. The likelihood of Freydel returning to New York Hospital was contingent upon events whose occurrence was speculative and beyond her control, i.e., her future health care needs and her being referred to New York Hospital. By contrast, Harty avows a present intention to return to the Nanuet Mall, an act that depends only upon his own volition, and the likelihood of which finds some support in professional and family reasons.

If the district court continues to doubt whether Harty's professed intent to return to the Nanuet Mall was genuine, this doubt should be resolved by the court before proceeding further. See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits."). In deciding this question, the court may conduct relevant discovery and fact finding (including findings as to Harty's credibility). Cf. Norkunas v. Park Road Shopping Cent., Inc., --- F. Supp. 2d. ----, No. 3:10-cv-210, 2011 WL 1438157, at *4-5 (W.D.N.C. Apr. 14, 2011) (describing evidentiary hearing held in Disabled Patriots of Am., Inc. v. Promenade Shopping Ctr. LLC, No. 3:08-cv-533 (W.D.N.C. Nov. 25, 2009), to determine credibility of Harty's intent to return to place of discrimination).

2.     Failure to State a Claim and Leave to Amend

As an alternative ground for affirmance, Simon contends that the district court

correctly held pursuant to Fed. R. Civ. P. 12(b)(6) that Harty's complaint failed to state a claim upon which relief could be granted. Because the district court dismissed Harty's ADA claim for lack of standing, however, it lacked jurisdiction to adjudicate Simon's alternative motion to dismiss for failure to state a claim. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry . . . ."). We accordingly understand the district court to have been expressing no more than an advisory view on the adequacy of Harty's complaint in dicta when it observed that, assuming that Harty had standing, dismissal still "would be warranted" because Harty offered only "unsupported conclusory allegations of discrimination." Harty v. Simon Prop. Grp., L.P., No. 10 CV 3408, 2010 WL 5065982, at *3 n.4 (S.D.N.Y. Dec. 7, 2010). There was thus no ruling on Simon's Rule 12(b)(6) motion that is subject to our review on appeal.

We nevertheless note that we are not persuaded that Harty's complaint warrants 12(b)(6) dismissal. Moreover, even if we shared this concern, we could not conclude that amendment would be futile.[1] In his affidavit in opposition to Simon's motion to dismiss, Harty provided additional details concerning the ADA violations he personally encountered on his visit to the Nanuet Mall, see Aff. of Owen Harty ¶ 5, Harty v. Simon Prop. Grp., L.P.,

---

[1] The district court determined that proposed amendments to Harty's complaint would be futile as to standing; it did not address whether it would be possible for Harty to cure any perceived failure to state an ADA claim.

6

No. 10 CV 3408 (S.D.N.Y. Sept. 2, 2010),[1] which would preclude 12(b)(6) dismissal if pleaded in an amended complaint. See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 177 (2d Cir. 2006) ("[L]eave to amend should be freely granted when justice so requires." (internal quotation marks omitted)).

For the foregoing reasons, the district court's judgment is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Harty's affidavit contains two paragraphs numbered "5." We refer to the first such paragraph.